32269. SMITH *et al. v.* SMITH.

Decided January 29, 1949. Rehearing denied February 26, 1949.

*J. R. Walker Jr., Harvey D. Griffin,* for plaintiffs in error.

*Memory & Memory,* contra.

Felton, J. The issues raised by a caveat to the return of appraisers, appointed to set apart a year's support to Mrs. Sarah T. Smith, was tried by the court and jury in the Superior Court of Pierce County, resulting in a verdict in favor of the widow. The caveators except to the overruling of their motion for a new trial.

■ During the trial of the case an affidavit entitled in the cause was offered in evidence. Upon objection counsel for the widow stated: "We are going to offer it as a part of the record. We will use it as a part of the record." Counsel for the caveators thereupon stated: "Now, may it please the court, I don't think it is proper. Here is an affidavit signed by Alvin Smith and, sworn to by Alvin Smith in the presence of a notary public, purely and simply an affidavit, and we have got no right to cross-examine him, and it is not entitled to go to the jury because they are getting one side of it without cross-examination, and they are not entitled to argue that to the jury, and we object to it." The court then stated: "If it is the record in the case, I don't think you can withdraw it. I will charge the jury that it is not evidence, that it is a part of the pleadings." The affidavit is as follows: "To the Hon. Troy F. Davis, Ordinary, Pierce County, Georgia. I, Alvin Smith, named as one of the caveators in the above-stated case, do hereby swear that I permitted my name to be used as one of the caveators in the above-stated case under a misapprehension and misunderstanding as to the facts in the case, and I hereby withdraw from said case and move that my name be stricken as one of the caveators in said case. It is my desire and I wish that all of the property owned by my father, T. H. Smith, at the time of his death be awarded to my mother, Sarah T. Smith, as a year's support. Alvin Smith." We think that the permitting of this affidavit to go before the jury was error, and we can not say as a matter of law that it was harmless. None of the statements therein were

relevant to its purpose except the withdrawing of the affiant's name as a caveator. It had the effect of introducing evidence by an illegal method without affording the opposite party the right of cross-examination. It also contained illegal evidence which could not be attacked by objection thereto as such. The court erred in not withholding the affidavit from the jury. The affiant's name could have been withdrawn and stricken without having to disclose the affidavit to the jury.

As the case is being reversed, we shall not pass on the other questions involved. However, we might call attention to the fact that it appears that the court did not pass on any questions of law raised by the caveat, and that only the question of fact as to the excessiveness of the return was passed on by the jury and made the proper subject-matter of the motion for a new trial. We also call attention to one issue which it seems needless to try again when the case is retried. There was a question whether a certain parcel of land was the property of the estate or that of one of the children of the deceased, depending on whether a deed thereto was delivered and accepted by the child before the deceased's death. The widow disclaims any right to this parcel of land under the return of the appraisers. If she does so at the next trial, it would seem that the court should by direction and order exclude this land from that awarded as a year's support, whether the jury approves the return or acts otherwise. We express no opinion on whether the verdict was excessive or not, as the case is to be tried again.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*